Day, J.
 

 The paramount question in this case is one of law, to wit, may the aggrieved party in a municipal appropriation suit appeal the case from an insolvency court to the court of common pleas?
 

 The relative contentions of the parties may be briefly stated, as follows: Plaintiff in error contends there is no right of appeal to the court of common pleas in a municipal appropriation suit instituted in the insolvency court, but that the remedy, if any, is that of an error proceeding to the Court of Appeals, in accordance with Section 6, Article IY, of the Constitution of Ohio, and Section 3695, General Code, which provides, in part, as follows: “The municipal corporation, or the owner of property, the value of which has been assessed, * * * may prosecute error as in other civil actions, and error shall lie to the Court of Appeals from the judgments of the court * *
 

 On the other hand, the defendants in error claim that the right to appeal from the insolvency court of Cuyahoga county to the court of common pleas in a municipal appropriation case is given by Sections 1629, 1630, and 1632, General Code (a part of the Cuyahoga County Insolvency Court Act), which grant the same right of appeal and error in insolvency court cases as is provided for cases instituted in the probate court; that such Sections, 1629, 1630, and 1632, should be read in conjunction and connection with Section 3696, General Code, which
 
 *609
 
 provides for an appeal from the probate court to the court of common pleas in municipal appropriation cases.
 

 The insolvency court act makes this significant provision, in Section 1632, General Code: “All laws now in force or which may hereafter be enacted, conferring powers, authority and jurisdiction -in cases and proceedings upon the probate court of such county, * * * shall extend to the court of insolvency. * * * All laws now or hereafter enacted regulating the mode and manner of appeals and error from any judgment, order or decree rendered by the probate court shall extend to such court of insolvency.”
 

 Section 3696, General Code, found in Part First, Title XII, Division 3, Chapter 1, relative to the appropriation of property by municipal corporations, provides as follows: “If the proceeding is had in the probate court a party interested in the inquiry and assessment may take an appeal to the court of common pleas and thereupon the same proceeding shall be had as if the application had been originally made in that court.”
 

 It is earnestly argued that the amendment in 1909 of Section 21 of the Municipal Code, now Sections 3695 and 3696, General Code, by eliminating the words “or in the insolvency court,” had the effect of depriving that court of the right of appeal to the common pleas court; but were cannot concur in that view, as the broad language of Sections 1629, 1630, and 1632 made such appeals still effective as within “all laws now or hereafter enacted regulating the mode and manner of appeals and error from
 
 *610
 
 any judgment, order or decree rendered by the probate court shall extend to such court of insolvency.”'
 

 Without going more fully into the history of appropriation of property by municipal corporations by proceedings in the probate court, or into the history of the insolvency court act, under which the insolvency court of Cuyahoga county functions, we have reached the conclusion that the appeal by the defendants in error, the landowners,'was a right to which they were entitled under the law.
 

 Plaintiff in error next challenges the constitutionality of Section 3696, on which the defendants in error rely. We are of opinion that such section does not conflict with Section 6, Article IV, of the Constitution of Ohio, or any other constitutional guaranty given plaintiff in error. Entertaining this view, it follows that the judgment of the courts below must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.